CRUZ, PLAINTIFF AND APPELLANT, *v.* DOE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Filiation.

No. 1678.—Decided November 12, 1918.

APPEAL—STATEMENT OF CASE.—When an appeal is based exclusively on the insufficiency of the evidence to sustain certain conclusions on which the judgment appealed from rests and on the erroneous weighing of such evidence, a statement of the case containing the evidence examined at the trial, approved by the lower court as prescribed by law, must be submitted to the appellate court. When it is shown that after a statement of the case was approved and filed in this court as a part of the transcript the trial judge ordered a

new statement of the case to be prepared in order to include details which the
former did not contain and approved the same, the original statement cannot
be considered in the appeal.

ID.—CORRECTION OF RECORD—AUTHENTICITY.—If the copy of the second approved
statement of the case filed bears only the signature of the attorney for the
appellant, we cannot take the same into consideration for the purpose of cor-
recting the record and deciding the appeal, because the signature of the at-
torney alone is not sufficient to give it authenticity.

The facts are stated in the opinion.

*Mr. Luis Mendín* for the appellant.

*Messrs. Rafael Arce* and *M. Tous Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff herein appealed to this court from a judg-
ment of the District Court of Humacao dismissing his com-
plaint and for the purposes of the appeal filed here a tran-
script of the judgment roll of the lower court certified by the
attorneys for the parties, containing a statement of the case
and bill of exceptions with the evidence and incidents of the
trial, approved by the trial judge on May 15, 1915.

Some time later the same party filed in this court a docu-
ment entitled "Statement of the Case," dated February 16,
1918, which contains no certificate of approval of the trial
judge, but is attested by the plaintiff's attorney only. With
this document he filed a motion that the said document be added
to the transcript already filed by him, alleging that on
February 9, 1918, the lower court, in order to amend the record
on motion of the defendants in the suit, ordered certain amend-
ments set out in the order to be added to the statement of the
case; that on the same day the judge modified his order by
striking out some of the amendments which he had previously
allowed; that in compliance with that order he prepared and
filed in the District Court of Humacao, giving notice to the
adverse party, the statement of the case and bill of exceptions
of which he attached a copy; finally, that on February 21, 1918,
the judge of the lower court approved that new statement of
the case and bill of exceptions as containing a true account of
what took place at the trial and including all the evidence

examined and all the exceptions taken, so that it might serve as such bill of exceptions and statement of the case in the appeal from the judgment now pending before us.

On the day set for hearing the parties on the said motion the appellant filed a certificate of the clerk of the lower court, into which is transcribed the certificate of the trial judge of February 21, 1918, on file in the records of the district court, approving the statement of the case which had been presented according to his order of the ninth of the then current month of February. We ruled on the motion by ordering that the said document should be added to the record for the resulting purpose and two days later the appeal from the judgment of the court *a quo* was heard.

All the questions on which the appellant bases his appeal refer to the evidence examined at the trial, he alleging that it is insufficient to support certain conclusions on which the judgment appealed from rests, and that because the evidence was erroneously weighed his prayers were rejected. Consequently, in order to reverse the judgment appealed from on any of those grounds, the evidence introduced at the trial must be placed before us by means of a statement of the case approved by the trial judge as required by law, and although two statements of the case have been filed here, we cannot avail ourselves of either of them in order to examine the evidence and decide whether it is insufficient to support the judgment or whether it was erroneously weighed by the lower court.

As regards the transcript of the judgment roll, we can give it no value whatever after being informed by the certificate of the clerk of the District Court of Humacao that after the judge had approved it he ordered, on February 9, 1918, that it should be amended and that on the 21st he approved the new amended statement of the case presented by the appellant containing matter which did not appear·in the former

statement of the case, as admitted by the appellant himself, which goes to show that the first statement was not correct.

Nor can we accept the second statement of the case, of which a copy is submitted by the appellant bearing only the signature of his attorney, for the purpose of examining the evidence and determining its sufficiency in this appeal, for the copy submitted to us is not certified by the clerk of the court *a quo* nor by the attorneys for the parties, and the signature alone of the attorney for the party interested in the appeal is not sufficient to give it authenticity. That defect in the said copy is not cured by the certificate presented by the appellant, for the certificate only establishes that the judge approved the amended statement of the case submitted to him, but that does not show that the copy presented agrees with its original on file in the record of the lower court.

Hence, as we have no basis for considering the grounds of the appeal and for the reversal of the judgment appealed from, the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.